## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Andres S.,

       Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi
Noem, *U.S. Department of Homeland
Security*; Todd M. Lyons, *Acting Director of
Immigration and Customs Enforcement*;
David Easterwood, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*; Joel Brott, *Sheriff of
Sherburne County, Minnesota*;

       Respondents.

File No. 26-CV-2004 (JMB/DLM)

**ORDER**

---

Mackenzie R. Moy, Zelle LLP, Minneapolis, MN, for Andres S.

Matthew Isihara and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood, and Joel Brott.

---

This matter is before the Court on Petitioner Andres S.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood, and Joel Brott (together, Respondents) are named in the Petition.  For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

**FINDINGS OF FACT**[2]

1.      Andres S. is a citizen of Ecuador who has lived in the United States since July 2024.  (Pet. ¶ 13.)

2.      Andres S. does not have a final order of removal.  (*Id.* ¶ 14.)

3.      On March 19, 2026, Immigration and Customs Enforcement (ICE) detained Andres S.  (*Id.* ¶ 15.)

4.      Andres S. filed his Petition on March 23, 2026.  (Pet.)  He asks the Court to immediately release him from custody or, in the alternative, to hold a prompt bond hearing to determine whether he should remain in custody.  (*Id.* at 16–17.)[3]

5.      On March 24, 2026, the Court ordered Respondents to respond to the Petition by March 26, 2026, at 11:00 a.m. CT "certifying the true cause and proper duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case," including providing any supporting documentation that may be needed to establish the lawfulness of Andres S.'s arrest and addressing whether "the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Doc. No. 3.)  That deadline passed, and Respondents did not timely file a response or a request

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

[3] The Court concludes that any transfer of Andres S. outside of Minnesota after the initiation of this proceeding does not deprive this Court of jurisdiction over his habeas petition.  *See Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

to extend the deadline imposed in the March 24, 2026 order.

## DISCUSSION

Because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Respondents do not oppose the Petition and make no argument about whether 8 U.S.C. § 1225(b) or § 1226(a) applies to Andres S.'s case. The absence of any argument from Respondents is sufficient grounds for granting the Petition.

Further, Respondents make no argument concerning the independent basis for the petition, that detention violates Andres S.'s right to procedural due process. Again, the absence of any argument from Respondents is sufficient grounds for granting the Petition.

Nevertheless, the Court separately grants the Petition on the merits of Andres S.'s due process arguments, finding persuasive the analysis in *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *8–10 (D. Minn. Nov. 12, 2025) and

*Matkarimov v.* Noem, No. 26-CV-48-DLB, 2026 WL 700072, at *8 (E.D. Ky. Mar. 12, 2026).  The Court therefore grants Andres S.'s Petition and orders immediate release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1.  Respondents are ORDERED to release Petitioner Andres S. from custody immediately in Minnesota without conditions, and in any event on or before 4:00 p.m. CT on March 27, 2026.  Respondents are further ordered to provide advanced notice to Petitioner's Counsel of the time and location of the release.

2.  On or before 11:00 a.m. CT on March 30, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order.  Counsel shall also file a declaration on or before 11:00 a.m. CT on March 30, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

3.  Andres S. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4.  To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

4

5.      Respondents' untimely Motion for Extension of Time (Doc. No. 5) is
        DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  March 26, 2026                        /s/ *Jeffrey M. Bryan*
                                              Judge Jeffrey M. Bryan
                                              United States District Court